

FILED

JUN - 1 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              )        Case No. 07-20839-C-7
                                   )
BERNARDO AGUNDEZ and               )        MC No. EDH-1
ERICA AGUNDEZ                       )
                                   )
                Debtors.           )
_____)


**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR
PUBLICATION**

These findings of fact and conclusions of law, which are
not intended for publication, are rendered in this contested
matter pursuant to Federal Rule of Civil Procedure 52 as
incorporated by Federal Rules of Bankruptcy Procedure 7052 and
9014.


<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is
a core proceeding.  28 U.S.C. § 157(b)(2)(G).


<u>Findings of Fact</u>

Debtors filed their voluntary chapter 7 petition on

33

1  February 8, 2007.  They scheduled real property commonly known

2  as 4544 Trinidad Court, Stockton, CA 95210 ("property") as

3  property of the estate.  The first meeting of creditors was

4  held on March 19, 2007.  The chapter 7 trustee filed a report

5  finding that there is no property available for distribution

6  from the estate over and above that exempted by the debtors.

7  Debtors were discharged from all dischargeable debts on May 22,

8  2007.

9          On April 23, 2007, U.S. Bank ("movant") filed a motion,

10  notice, and declaration requesting that this court vacate the

11  automatic stay to permit movant to foreclose upon the property.

12  The fair market value of the property is approximately

13  $300,000.00.  Movant has a lien on the property in the

14  approximate amount of $76,903.01.  There are other liens

15  against the property in the approximate amount of $294,000.00.

16          No opposition to the motion was filed within the time

17  prescribed by Local Bankruptcy Rule 9014-1(f)(1).  The parties

18  have consented to taking evidence by affidavit and have not

19  demonstrated that there is any disputed material factual issue

20  that would warrant an evidentiary hearing.  See L. Bankr. R.

21  9014-1(f)(1).  The evidentiary record is closed.  Id.

22          Upon review of the record, the court determined that

23  the written record was adequate and that no oral argument is

24  necessary.

25

26                      Conclusions of Law

27          The automatic stay of acts against debtor in personam

28  expires when the debtor is granted a discharge.  11 U.S.C.

§ 362(c)(2)(C).  Acts against property of the estate remain
stayed until the earliest of the time when the bankruptcy case
is closed, dismissed, or the property ceases to be property of
the estate.  11 U.S.C. § 362(c).  The automatic stay may be
terminated earlier if debtor fails to protect the secured
party's interest adequately, § 362(d)(1), and, with respect to
a stay of an act against property, debtor does not have equity
in the property, § 362(d)(2)(A), and the property is not
necessary to an effective reorganization.  11 U.S.C. §
362(d)(2)(B).  The issue of whether the property is necessary
to an effective reorganization is not considered in a chapter 7
case because no reorganization is contemplated in a chapter 7
case.

Although the debtors do not appear to have any equity in
the property, since the debtors were granted a discharge, the
automatic stay has expired as to the debtors.  Thus, the motion
insofar as it is directed at the interest of the debtors is
moot and will be denied.

However, the motion will be granted as to the interest
of the trustee.

An appropriate order will issue.

Dated: June ⎜  , 2007

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

        On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Bernardo Agundez
Erica Agundez
4544 Trinidad Court
Stockton, CA 95210

Kenneth L. Rubinger
1833 W. March Lane, #3
Stockton, CA 95207

Eric D. Houser
John M. White
Houser & Allison
A Professional Corporation
9970 Research Drive
Irvine, CA 92618

Gary Farrar
P.O. Box 576097
Modesto, CA 95357

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

        Dated:  6/4/07

                                    _____
                                    Deputy Clerk